UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| CHRISTY J. DELLO, | ) | |
| | ) | |
| Plaintiff(s), | ) | 2:14-cv-01375-RCJ-NJK |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| UNITED STATES, | ) | (Docket No. 3) |
| | ) | |
| Defendant(s). | ) | |

Plaintiff Christy Dello is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 3. Plaintiff also submitted a redacted Complaint on September 15, 2014.[1] *Id.* This proceeding was referred to this court by Local Rule IB 1-9.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 3. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

. . .

---

[1] Plaintiff's original application to proceed *in forma pauperis*, submitted on August 25, 2014 (Docket No. 1) was sealed due to its noncompliance with the Federal Rule of Civil Procedure 5.2(a). Docket No. 2. Plaintiff submitted a redacted Complaint and application on September 15, 2014. Docket No. 3.

## II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915.[2] Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). Plaintiff has not alleged federal jurisdiction exists in this case. Plaintiff does not explicitly list the law(s) under which he brings his claims, but the allegations relate to the actions of the United States Department of Veteran Affairs.

Pursuant to 38 C.F.R. § 20.101, once a claim has been denied by the local VA office, a claimant may appeal the decision to the Board of Veterans' Appeals ("BVA"). The BVA has jurisdiction to review benefit claims determinations made by local Veterans' Affairs ("VA") offices and issue decisions on appeals. 38 U.S.C. § 7104. If the BVA denies the claim, a claimant has the option of doing one of the following:

1. Reopen the claim with the local VA office if new and material evidence can be presented with respect to the claim that was denied. 38 U.S.C. § 5108.
2. File a motion for reconsideration asking the BVA to review the case again because there was a clear and unmistakable error in the decision. 38 U.S.C. § 7103.

---

[2]Although § 1915 at times refers to prisoners, the Ninth Circuit has made clear that the screening provisions are not limited to cases initiated by prisoners. *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (*en banc*) ("section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners").

    3.    File an appeal with the U.S. Court of Appeals for Veterans Claims. The U.S. Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the BVA. 38 U.S.C. § 7252.

*See also* Docket 3-3, at 102-103 (listing petitioner's rights to appeal a decision by the BVA).

Plaintiff asserts in the redacted Complaint that the United States refused to comply with a joint remand order, violating his constitutional rights. Docket No. 3-1, at 2. Plaintiff attached numerous documents, including the BVA's denial of Plaintiff's appeal on April 7, 2014. Docket No. 3-3, at 95-103. Thus, this Court does not have jurisdiction over the matter. Plaintiff's claims have been denied by the local VA office, and Plaintiff has already appealed his claim to the BVA. Because Plaintiff's claim was denied by the BVA, Plaintiff may only bring an action before the U.S. Court of Appeals for Veterans Claims, not the federal district court. When a party files "a case laying venue in the wrong division or district[, the court] shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Therefore, Dello's reimbursement claim will be dismissed for lack of jurisdiction, with leave to amend.

Accordingly, the Court **DISMISSES** the redacted Complaint with leave to amend.

### III.  Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the redacted Complaint.

4. The Complaint is **DISMISSED** for lack of subject matter jurisdiction, with leave to amend. Plaintiff will have until **December 3, 2014** to file an Amended Complaint,

if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case without prejudice.

Dated: November 5, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge